

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2002

# USA v. Casseus

Precedential or Non-Precedential:

Docket 0-2803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Casseus" (2002). *2002 Decisions.* Paper 149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<!TOF>

PRECEDENTIAL

        Filed March 5, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 00-2803 and 00-2804

THE UNITED STATES OF AMERICA

v.

RENEL CASSEUS,
Appellant No. 00-2803

THE UNITED STATES OF AMERICA

v.

CHRISLEME FLEURANTIN,
Appellant No. 00-2804

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS

(D.C. Nos. 99-cr-00033-1, 99-cr-00033-2)
District Judge: The Honorable Thomas K. Moore

Argued: DECEMBER 3, 2001

Before: BECKER, Chief Judge, NYGAARD and COWEN,
Circuit Judges.

(Filed: March 5, 2002)

William J. Glore, Esq. (Argued)
Hymes & Zebedee
P.O. Box 990
Charlotte Amalie, St. Thomas
USVI, 00804

    Counsel for Appellant Casseus

Erik E. Woodbury
Dudley Clerk & Chan
9720 Estate Thomas, Suite 1
Charlotte Amalie, St. Thomas
USVI, 00802

    Counsel for Appellant Fleurantin

Hugh P. Mabe, III, Esq.
  (Argued)
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
USVI, 00802-6924

    Counsel for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Renel Casseus and Chrisleme Fleurantin appeal from their convictions of five counts of alien smuggling resulting in a death, in violation of 8 U.S.C. S 1324(a)(1)(A)(i) and (B)(iv), and of five counts of alien smuggling in which the life of a person was put in jeopardy, in violation of 8 U.S.C. S 1324(a)(1)(A)(i) and (B)(iii). Casseus was also convicted of reentry of a deported alien, in violation of 8 U.S.C. S 1326(a). Casseus was sentenced to 120 months of incarceration followed by a five-year term of supervised release. Fleurantin was sentenced to 80 months of incarceration followed by a five-year term of supervised release.

Appellants raise the same three issues on appeal. First, they contend that because violation of 8 U.S.C.S

2

1324(a)(1)(B)(iv) is a capital crime, under 18 U.S.C. S 3005 the District Court erred by failing to appoint, upon their request, death-penalty qualified counsel to assist in their defense. Second, they contend that they were deprived of a fair trial because the District Court refused to order pretrial discovery of the government's witness list, and refused to order the prosecution to make the eyewitnesses, whom the prosecution was detaining, available for the defendants to interview within a reasonable period of time before trial. Finally, they contend that the District Court erred by admitting the testimony of an Immigration and Naturalization Service agent that the beach upon which the aliens were offloaded was not a lawful point of entry pursuant to 8 C.F.R. S 100.4 (2001). We will affirm.

I.

Renel Casseus was the captain and Chrisleme Fleurantin was a crewman on board the Confiance Endieu, a twenty-five foot, open wooden boat. One stormy night, appellants, for a fee, brought thirty-one Haitian nationals on this boat from St. Martin, F.W.I., to Lindqvist Beach, St. Thomas, Virgin Islands. According to witnesses, the boat was overloaded, but appellants made the voyage nonetheless. When the boat approached Lindqvist Beach, the sea conditions were rough and the boat became grounded on a reef. While still in deep water, Casseus told the passengers to disembark and make their own way to shore. One passenger did not make it, and drowned.

Appellants were arrested within a few days, and indicted for five counts each of alien smuggling. Later, a superceding indictment was returned, setting forth sentencing enhancements, and including the five counts each of alien smuggling resulting in death, in violation of 8 U.S.C. S 1324(a)(1)(A)(i) and (B)(iv). This crime is punishable by death.

From the time of their initial arraignments, both appellants requested that the District Court appoint death-penalty qualified counsel for them. The District Court refused, waiting instead for the government to decide whether it would seek the death penalty. During this

3

waiting period, plea negotiations were ongoing, although unsuccessful. One month after the superceding indictment, the government announced that it would not seek the death penalty in either case. Both appellants were tried by a jury and found guilty as to all counts.

II.

Title 8 of the United States Code, S 1324(a)(1)(A) makes it a federal crime to bring, or attempt to bring, an alien into the United States through a port other than a "designated port of entry." 8 U.S.C. 1324(a)(1)(B)(iv) states that a violation of (a)(1)(A) that results in the death of any person, may be punished by death. At issue here is 18 U.S.C. S 3005, which states in relevant part:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law of capital cases. . . .

Appellants were indicted for a capital crime on March 25, 1999, and they promptly requested death-penalty qualified counsel. The District Court did not act upon their requests until May 12, 1999, when the requests were rendered moot by the government's decision not to seek the death penalty. As noted, appellants argue that by failing to appoint "2 such counsel, of whom at least 1 shall be learned in the law of capital cases . . . ," the court erred. We will not decide, however, whether the District Court so erred, because, even if we assume the court erred, we hold that the error was harmless.

Federal Rule of Criminal Procedure 52(a) instructs that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 52(a); see also 28 U.S.C. S 2111. We have held that a non-constitutional error committed at trial does not warrant reversal where "it is highly probable that the error did not contribute to the judgment." United States v. Helbling, 209 F.3d 226, 241 (3d Cir. 2000) (quoting United States v. Zehrbach, 47 F.3d 1252, 1265 (3d Cir. 1995) (en

4

banc). "`High probability' requires that we have a sure conviction that the error did not prejudice the defendants." United States v. Mathis, 264 F.3d 321, 342 (3d Cir. 2001) (quoting United States v. Jannotti, 729 F.2d 213, 220 n.2 (3d Cir. 1984)).

Because this right to additional counsel is created by statute, and not coterminous with the right to counsel contained in the Sixth Amendment, the essential question is whether there is a "high probability" that the error did not prejudice the appellants. Here, we conclude that the error did not prejudice the appellants at all. Although the possibility of the death penalty was hanging over the appellants' heads during plea negotiations, they were not pressured by that fact to enter into plea agreements with the government, nor to provide it with statements or information prejudicial to them at their trial. As the statute itself states, the purpose of 18 U.S.C. S 3005 is to allow a capital defendant to "make his full defense by counsel." This, they were fully able to do. Moreover, after the government declared that it would not seek the death penalty, the appellants were no longer capital defendants. Because appellants were not harmed in any way, we conclude that even if the District Court erred, that error does require that we reverse their convictions. 1

III.

Appellants' final two issues do not require much analysis. Appellants argue that the District Court erred by refusing to order the prosecution, within a reasonable time before trial, to disclose and allow the defense to interview the only available eyewitnesses, who were in the prosecution's custody. We disagree. First, it is clear that a criminal defendant does not have the right to full discovery of the government's case. See, e.g. United States v. Addonizio, 451

_____

1. In so holding, we note that our departure from the Fourth Circuit's conclusion that "harmless error review is not applicable to a violation of 18 U.S.C. S 3005 because S 3005 provides an absolute statutory right to two attorneys." United States v. Boone, 245 F.3d 352, 361 n.8 (4th Cir. 2001). We disagree, and for, inter alia, the reasons stated above we believe that harmless error review is appropriate.

5

F.2d 49, 62 (3d Cir. 1972) ("in no event is the government required to divulge the identity of its witnesses in a noncapital case"); 18 U.S.C. S 3432 (a person charged with a capital offense must be furnished with a list of witnesses at least three days prior to trial). Second, none of the cases relied upon by the appellants are applicable. Brady v. Maryland, 373 U.S. 83, 87 (1963) requires the prosecution to disclose "evidence favorable to the accused." Here, the record is clear that the witnesses had no exculpatory information to offer the appellants. Furthermore, appellants' reliance on Rovario v. United States , 353 U.S. 53 (1957) and United States v. Jiles, 658 F.2d 194 (3d Cir. 1981), is inappropriate. These cases address the duty of the prosecution to disclose the identity of confidential informants who will not testify. Here, all witnesses did testify, and appellants were actually allowed to interview these witnesses before trial. We conclude that the Court did not abuse its discretion by denying discovery.

Finally, we conclude that the District Court did not err by admitting the testimony of an INS agent that Lindqvist Beach was not a designated port of entry. There is really no dispute that Lindqvist Beach is not a designated port of entry according to the Code of Federal Regulations. 8 C.F.R. S 100.4 (2001). Agent Nash testified based on her knowledge, training, and eleven years of experience in the INS that Lindqvist Beach was not a designated port of entry. The fact that there is a regulation designating ports of entry does not preclude a properly credentialed expert from testifying to this fact based on her knowledge and experience. As the trial judge noted, he could have taken judicial notice of the designation had he so desired, he just did not do so. The simple fact is that Lindqvist Beach is not a valid port of entry, which fact was properly proven at trial. Appellants were not prejudiced by Nash's testimony.

CONCLUSION

In summary, we hold that even if the District Court erred by refusing to appoint death-penalty qualified counsel for appellants promptly after their indictments for a capital offense, that the error was harmless. Next, we find no merit

6

in the appellants' remaining arguments. We will therefore affirm the judgments and convictions.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

7