**UNITED STATES of America,**
**Appellee,**

v.

**Alexander NOSOV, aka "Sasha Dlinni,"**
**Vasiliy Ermichine, aka "Vassya," aka**
**"Blondie", Defendants–Appellants,**

Natan GOZMAN, Defendant.

Nos. 03–1355, 03–1357.

United States Court of Appeals,
Second Circuit.

Dec. 28, 2004.

Robert B. Buehler, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Arthur Gollwitzer and Karl Metzner, on the brief), for Appellee.

Joshua Dratel, New York, N.Y. (Martin J. Siegel, on the brief), for Defendant–Appellant Alexander Nosov.

John F. Kaley, Weinberg, Gross & Pergament LLP, Garden City, NY, for Defendant–Appellant Vasiliy Ermichine.

PRESENT: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Alexander Nosov ("Nosov") and Vasiliy Ermichine ("Ermichine") (collectively, "defendants") were indicted on multiple counts of racketeering, murder, kidnaping, and related crimes arising out of their role in the kidnaping and murder of Sergei Kobozev ("Kobozev"). Nosov was charged with: kidnaping in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; conspiracy to commit kidnaping, in violation of 18 U.S.C. § 1201(a)(1) and (c); kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1) and 2; and use and carrying of a firearm, in violation of 18 U.S.C. §§ 924(c) and 2. Ermichine was charged in all five of the counts that named Nosov, and in addition was charged with participating in the conduct of the affairs of a racketeering enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), and with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).[1] Following a jury trial, Nosov and Ermichine were convicted on all counts, except that both were acquitted of the substantive federal kidnaping and firearms charges. Following the district court's denial of Fed.R.Crim.P. 33 post-trial motions, *United States v. Nosov,* No. 00 Cr. 314, 2003 WL 21012027 (S.D.N.Y. May 5, 2003); *United States v. Nosov,* 221 F.Supp.2d 445 (S.D.N.Y.2002), the instant appeal ensued.

Defendants jointly raise two arguments that were rejected by the court below in its denial of the motions for a new trial. First, they allege a violation of their Sixth Amendment right of confrontation as a result of the district court's limitation of cross-examination of a cooperating government witness. Second, the defendants argue that the district court impermissibly compromised their Sixth Amendment right to be present for all stages of the proceedings against them when it engaged, after deliberations began and without the consent of counsel, in two *ex parte* discussions with three jurors and the jury forewoman.

In addition to the above contentions, both defendants raise various issues as to the sufficiency of the evidence against them. Additionally, Nosov argues that he was deprived of effective assistance of counsel, and that the evidence against him at trial unconstitutionally varied from the charges in the indictment. Finally, Ermichine argues that his trial counsel was *per se* ineffective because he did not, following notice that the government would not seek the death penalty against him, receive additional court-appointed representation by "learned counsel."

█ As to the defendants' challenge to the district court's limitation of cross-examination at trial, we conclude that the court's action did not constitute an abuse of discretion. *See United States v. Scarpa,* 913 F.2d 993, 1015 (2d Cir.1990). Assum-

1. An additional defendant, Natan Gozman ("Gozman"), was charged in all seven counts. Gozman was never arrested and remains a fugitive.

ing, *arguendo,* that the further cross-examination sought might have been *relevant* to the witness's credibility and capacity for truth-telling, *see* Fed.R.Evid. 401 and 608(b), the court was entitled to conclude that the prejudicial effect of the proposed inquiry outweighed its probative value. *See* Fed.R.Evid. 403. This is especially so in light of the fact that substantial permitted inquiry by defense counsel and other facts cutting against the witness's credibility provided to the jury "sufficient information to make a discriminating appraisal of the ... witness's possible motives for testifying falsely in favor of the government." *United States v. Singh,* 628 F.2d 758, 763 (2d Cir.1980).

The district court's actions with respect to the jury and their effect on the defendants' right to be present during trial present a more difficult question. It is well-established that the Sixth Amendment, and Fed.R.Crim.P. 43(a), guarantee every defendant the right to be present at all stages of criminal proceedings against him or her, and that this guarantee requires that "messages from a jury should be disclosed to counsel and that counsel should be afforded an opportunity to be heard before the trial judge responds." *United States v. Ronder,* 639 F.2d 931, 934 (2d Cir.1981). We have repeatedly cautioned district courts against deviating from the procedures set forth in *Ronder,* and particularly against conducting *ex parte* meetings with jurors. *See, e.g., United States v. Evans,* 352 F.3d 65, 69–70 (2d Cir.2003); *United States v. Taylor,* 562 F.2d 1345, 1365–66 (2d Cir.1977); *see also United States v. United States Gypsum Co.,* 438 U.S. 422, 460, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978) ("Any *ex parte* meeting or communication between the judge and the foreman of a deliberating jury is pregnant with possibilities for error.").

We believe that the district court abused its discretion when it determined, without first consulting counsel, to meet with jurors who were reportedly experiencing certain problems in the course of deliberations. The *ex parte* sessions were in clear contravention of the above-stated principles and created a significant risk of error in the trial. Nevertheless, given the content of the court's discussion with the jurors, and given the length of time between the meetings and when the jury rendered its verdict, we find that the court's error was harmless. *See Evans,* 352 F.3d at 68–69; *Taylor,* 562 F.2d at 1365–66.

Turning to the defendants' challenges to the sufficiency of the evidence against them, we conclude that most of the arguments raised pertain purely to the *weight* and *credibility* of the evidence presented at trial, *see United States v. Diaz,* 176 F.3d 52, 92 (2d Cir.1999); *see also United States v. Frampton,* 382 F.3d 213, 222 (2d Cir.2004), and that under our deferential standard of review, *see United States v. Payton,* 159 F.3d 49, 55–56 (2d Cir.1998), these contentions do not justify reversal.

We address two sufficiency arguments separately. First, we find no merit to Nosov's and Ermichine's contentions that there was insufficient evidence to establish that their participation in the kidnaping and murder of Kobozev was done with the motive of "maintaining" or "enhancing" their positions within the charged racketeering enterprise, as required under 18 U.S.C. § 1959(a)(1). Analyzed under our long-standing precedents on the racketeering motive element, we think that there was ample evidence of the relationship between the crime against Kobozev and the express plans of the racketeering enterprise, and of Nosov's and Ermichine's individual roles in those plans, for the jury to infer that the defendants' participation

in the crimes was "expected of [them] by reason of [their] membership in the enterprise or [was] in furtherance of that membership." *United States v. Concepcion,* 983 F.2d 369, 381 (2d Cir.1992); *see also United States v. Dhinsa,* 243 F.3d 635, 670–72 (2d Cir.2001). Second, with regard to Nosov's argument that the only evidence establishing his membership in a conspiracy to kidnap Kobozev consisted of improperly admitted conspirator statements, we conclude that sufficient evidence was adduced that was either *not* hearsay, or that was admitted under the party statement hearsay exception.

As to both defendants' ineffective assistance of counsel claims, we note initially that the Supreme Court has instructed that resolution of ineffective assistance claims on direct appeal is generally disfavored. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir.2003). Nevertheless, we have on occasion resolved such claims when their disposition is "beyond any doubt," or when to do so would be in the interest of justice. *Id.* at 100 (internal quotation marks omitted); *see also United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004).

We conclude that these principles counsel against deciding Nosov's ineffective assistance claim, because, notwithstanding the dubious credibility of Nosov's assertions, we would be required to examine and settle any number of factual disputes in order to determine whether trial counsel's performance failed the standards of effectiveness set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, we deny the claim without prejudice to reasserting it, if Nosov wishes to do so, in a § 2255 petition. *Cf. Massaro,* 538 U.S. at 504, 123 S.Ct. 1690.

Ermichine's claim, however, raises issues that are purely legal and can be resolved without the development of any factual record. Therefore, we will reach his claim on direct appeal. *See Gaskin,* 364 F.3d at 468. Ermichine argues that because he was indicted for a capital offense, he was entitled under 18 U.S.C. § 3005 to the appointment of counsel "learned in the law applicable to capital cases" in *addition* to the single attorney who represented him at trial. He contends that this remained true even after the government formally announced that it would not seek the death penalty.[2] We note that Ermichine does *not* assert that trial counsel was himself ineffective for failing to raise this issue, but rather simply that the fact that he was represented only by a single attorney at trial constituted *per se* ineffective assistance.

This Circuit has not previously had occasion to decide the question of whether 18 U.S.C. § 3005 applies to defendants charged with capital crimes but no longer under threat of a death sentence. We need not resolve the matter here, however, because Ermichine made no objection below, and therefore our examination of the court's failure to appoint even additional counsel is limited to plain error review. And, in light of the unsettled state of the law on this matter, the court's actions were not plainly erroneous. *Compare, e.g., United States v. Waggoner,* 339 F.3d 915, 919 (9th Cir.2003) (concluding that when "the threat that the death penalty will be imposed has been eliminated, the defendant no longer has a statutory right to a

---

**2.** "Learned counsel" was appointed to Ermichine following his indictment, but did not continue in the case following the government's announcement that it would not seek the death penalty.

second court-appointed attorney to defend him at the trial of the non-capital offense"), *United States v. Casseus,* 282 F.3d 253, 256 (3d Cir.2002) (same), *United States v. Grimes,* 142 F.3d 1342, 1347 (11th Cir. 1998) (same), *United States v. Shepherd,* 576 F.2d 719, 729 (7th Cir.1978) (same), *and United States v. Weddell,* 567 F.2d 767, 770–71 (8th Cir.1977) (same), *with United States v. Boone,* 245 F.3d 352, 358–61 (4th Cir.2001) (holding that § 3005 creates an "absolute right" to two attorneys throughout the proceedings, even where the government does not seek the death penalty); *see also United States v. Whab,* 355 F.3d 155, 158 (2d Cir.2004) (stating that, except in "exceedingly rare" cases, "for an error to be plain, it must, at a minimum, be clear under current law" (internal quotation marks omitted)).

Finally, we find no merit in Nosov's contention that he was convicted of murder in aid of racketeering based on evidence that varied from the indictment in violation of the Fifth Amendment's grand jury guarantee. The government's theory at trial, and the facts supporting it, were entirely consistent with the indictment's charge that Nosov murdered Kobozev in violation of New York law. *See* N.Y. Penal Law §§ 110.00 (McKinney 2001); N.Y.Crim. Proc. Law § 20.20 (McKinney 2003).

We have considered all of the defendants' contentions on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*