**UNITED STATES of America,**
**Plaintiff,**

v.

**Eddie S. RODRIGUEZ–BERRIOS, Mario J. Hernandez–Cartagena, Jose L. Roman–Martinez, Defendants.**

**No. CRIM 04–81(PG).**

United States District Court,
D. Puerto Rico.

Sept. 1, 2005.

Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, San Juan, PHV John R. Martin, Martin Brother PC, Atlanta, GA, for Eddie S Rodriguez–Berrios (1) also known as Samir (1), Defendant.

Joseph C. Laws, Federal Public Defender's Office, Hato Rey, PHV David Arthur Ruhnke, Ruhnke & Barrett Law Office, Montclair, NJ, Carlos A. Vazquez–Alvarez, Federal Public Defender's Office, Maria T. Arsuaga, Federal Public Defender's Office, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, for Mario J. Hernandez–Cartagena (2) also known as Cholo (2), Defendant.

Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., San Juan, William D. Matthewman, Seiden, Alder & Matthewman, Boca Raton, FL, for Jose Roman–Martinez (3) also known as Macho (3), Defendant.

Edwin O. Vazquez–Berrios, United States Attorney's Office, San Juan, Joseph C. Laws, Federal Public Defender's Office, Hato Rey, for USA, Plaintiff.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

On April 14, 2004, the defendants in this case were charged by way of superseding indictment with a carjacking in which the victim was sexually abused, abducted, and ultimately slain. (Docket No. 25) To date, her body has not been found.

The charge carries a potential capital sentence, and the government initially certified this case accordingly. As provided by 18 U.S.C. § 3005, the Court therefore appointed each indigent defendant "counsel learned in the law applicable to capital cases," in addition to criminal defense counsel. However, the government ultimately decided not to pursue the death penalty. (Docket No. 204, filed August 31, 2005)

Now before the Court are defendants' oral motions for the continued appointment of learned counsel, although they no longer face the death penalty. The government has filed written opposition. (Docket No. 205, filed August 31, 2005)

18 U.S.C. § 3005 reads in pertinent part as follows:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1

shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours.

Although it is undisputed that the triggering event for appointment of learned counsel is indictment for a death-penalty-eligible offense, *In re Sterling–Suarez,* 306 F.3d 1170, 1175 (1st Cir.2002), section 3005 is silent as to when that representation concludes in the event that a defendant proceeds to trial but the death penalty is no longer a possible punishment. *See U.S. v. Freeman,* No. S402CR150LAP, 2005 WL 397932, at *1 (S.D.N.Y. February 17, 2005) (collecting cases).

■ The First Circuit has not addressed the question, but the majority of the Circuits to treat it have concluded that section 3005 only grants a defendant a right to additional learned counsel while he is exposed to the death penalty. *See United States v. Casseus,* 282 F.3d 253, 256 (3d Cir.2002), *cert. denied,* 537 U.S. 852, 123 S.Ct. 206, 154 L.Ed.2d 84 (2002); *United States v. Waggoner,* 339 F.3d 915, 919 (9th Cir.2003), *cert. denied,* —— U.S. ——, 125 S.Ct. 623, 160 L.Ed.2d 466 (2004); *U.S. v. Grimes,* 142 F.3d 1342, 1347 (11th Cir. 1998); *see also United States v. Shepherd,* 576 F.2d 719 (7th Cir.1978)(finding that a formerly capital defendant has no continued right to learned counsel under earlier version of section 3005); *United States v. Kaiser,* 545 F.2d 467, 475 (5th Cir.1977) (same); *United States v. Weddell,* 567 F.2d 767 (8th Cir.1977) (same), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 761 (1978); and *United States v. Dufur,* 648 F.2d 512 (9th Cir.1980) (same), *cert. de-*

*nied,* 450 U.S. 925, 101 S.Ct. 1378, 67 L.Ed.2d 355 (1981); *United States v. Maestas,* 523 F.2d 316, 319 (10th Cir.1975) (same); *but cf. United States v. Boone,* 245 F.3d 352 (4th Cir.2001) (determining that defendant has a right to learned counsel under section 3005 even after the government declares that it will not pursue the death penalty because the defendant is still charged with a capital crime).

Section 3005 fails to define "capital crime." While the statute could be interpreted to cover crimes which carry a capital sentence regardless of whether a particular defendant will be eligible for it, *see Boone,* 245 F.3d at 360, this Court agrees that if a capital crime is one in which a death sentence can be imposed, then the defendants in the instant case are no longer subject to a "capital crime." *See Freeman,* 2005 WL 397932, at *2 (quoting *Shepherd,* 576 F.2d at 729 and *Waggoner,* 339 F.3d at 919).[1]

"There is nothing in Congress' action or inaction over the years to indicate that the two-counsel provision was intended to apply to any case in which a death sentence could not be imposed." *Id.* "Many kinds of criminal cases are typically more complex and difficult to prepare and try than those for which Congress has provided the death penalty. Yet no provision has been made for more than one appointed counsel in any but those involving a 'capital crime.'" *Id.* Ultimately, there is a growing consensus that "the purpose of the two-attorney rule in Section 3005 derives from the potential severity of the punishment rather than the nature of the offense itself." *See*

---

1. Even where the *Boone* precedent is binding and "the failure to provide [defendants] with two attorneys throughout trial was plain error even though the Government withdrew its notice of intent to seek the death penalty ... [and] the error necessarily affected [defendants'] substantial rights ... [the Fourth Circuit would] decline, however, to exercise ... discretion to notice the error. Simply put, the error here—the failure to provide a noncapital defendant with the benefit of a provision designed to provide additional protection to capital defendants—did not affect the fairness, integrity, or public reputation of judicial proceedings." *U.S. v. Robinson,* 275 F.3d 371, 384 (4th Cir.2001).

*United States v. Davidson*, No. 92–CR–35, 1992 WL 165825, at *4 (N.D.N.Y. July 10, 1992); *Freeman*, 2005 WL 397932, at *2.

Moreover, where a defendant exercises his right to learned counsel and "reaps the benefits" in the form of the Government's decision not to pursue the death penalty, there is no justification for providing "counsel learned in the law applicable to a capital case." *See Freeman*, 2005 WL 397932, at *2. Given that the Government has elected not to pursue the death penalty, the Court adopts the majority view and concludes that a defendant has no right to learned counsel under section 3005 when he no longer faces the death penalty.[2]

■ To hold accordingly affects none of defendants' constitutional rights. The Sixth Amendment does not provide an absolute right to counsel of defendant's choosing. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each defendant rather than to ensure that a defendant will be inexorably represented by the lawyer whom he prefers."); *cf. Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (specifying standard of "reasonably effective assistance"). Moreover, although representation by counsel is a right of the highest order, *United States v. Proctor*, 166 F.3d 396, 401 (1st Cir.1999), as the government rightly submits, there is no authority holding that the United States Constitution confers "a right to co-counsel." Docket No. 205 at 2; *Riley v. Taylor*, 277 F.3d 261, 306–07 (3d Cir.2001) ("The Constitution does not specify the number of lawyers who must be appointed. If a single attorney provides reasonably effective as-sistance, the Constitution is satisfied, and if a whole team of lawyers fails to provide such assistance, the Constitution is violated.") (citations omitted).

Absent the capital element, this becomes a run-of-the-mill carjacking case and the highly competent criminal defense attorneys already appointed can more than adequately vindicate defendants' 6th Amendment right to counsel.

**WHEREFORE**, in light of the foregoing, defendants' motions are **DENIED**, and learned counsel are **DISCHARGED** with the thanks of the Court. Learned counsel may submit their financial vouchers.

**SO ORDERED.**

---

**2.** Assuming the Court were to follow the *Boone* rationale, however, learned counsel's hourly rate would be reduced from $160 to the CJA rate of $90 per hour. *See* Local CJA Rate Schedules, *available at* http://www.prd.uscourtsgov/usdcpr/pdf/CJA-Rates. pdf.