NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4036
_____

UNITED STATES OF AMERICA

v.

BRIAN EUGENE SMITH,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00004-001)
District Judge:  The Honorable Donetta W. Ambrose

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2012

BEFORE:  SCIRICA, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: May 15, 2012)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Appellant Brian Smith and a co-conspirator,  Juan Hinojosa, were charged with

intent to distribute and the attempted delivery of five kilograms of cocaine, in violation of

21 U.S.C. §§ 841 and 846.  Hinojosa pleaded guilty.  Smith challenged the charges.

After unsuccessfully petitioning to suppress evidence and dismiss the indictment, Smith

waived his right to a jury trial and was found guilty after a one-day bench trial before the Honorable Donnetta W. Ambrose. Smith filed an untimely motion for a new trial which was also denied.

Smith was sentenced to 120 months' imprisonment, followed by five years of supervised release. Smith now appeals pro se, primarily raising evidentiary issues. We will affirm.

I.

Because we write solely for the parties, we need not recite the facts and background to this appeal, except insofar as may be helpful to our brief discussion herein. However, since Smith challenges the sufficiency of the evidence, we will begin our discussion with a short overview of the testimony.

During the bench trial, five law enforcement officers testified. Smith's co-conspirator Hinojosa also testified. In the aggregate, the trial testimony revealed that Hinojosa was stopped while transporting cocaine to Pittsburgh from Indiana. After waiving his *Miranda* warnings, Hinojosa admitted to law enforcement that he was transporting cocaine to Smith in Pittsburgh. The Indiana authorities asked Hinojosa if he would be willing to participate in a controlled delivery of the drugs. Hinojosa agreed.

Upon arriving in Pittsburgh, Indiana law enforcement met up with agents of the federal Drug Enforcement Agency, who set the scene for the drug transfer at a local gas station. Hinojosa was instructed to sit in the driver's side of his automobile and to telephone Smith. Law enforcement agents watched from discrete locations. Following instructions, Hinojosa called Smith, informing him he was ready to deliver the drugs and

2

that they should meet at the gas station, near Station Square. Smith told Hinojosa that he would be delayed, and that he had "some issues" in collecting the $17,000.00 Smith owed Hinojosa from a previous delivery.

Smith ultimately arrived at the location and spoke briefly to Hinojosa, who told him that his "things are in a bag in the trunk." Smith went to the trunk of Hinojosa's car and removed the cocaine. He concealed it in a jacket and returned to his own car, where he was arrested while attempting to hide the drugs in the back seat of his vehicle.

## II.

## A.

On appeal, Smith raises several issues. We begin with his due process challenge. Smith argued that the District Court's granting of a Government motion to seal certain documents resulted in a violation of his Fifth Amendment right to due process. This argument is meritless. First, as the record reflects, these documents were sealed so that they may be disclosed to Smith without having to make them available to the general public. Any argument from Smith that sealing these documents prevented him from reviewing them is baseless. Second, Smith himself failed to object to the sealing at trial. Therefore, we review the District Court's actions for plain error. We see no error, much less a plain one, in the District Court's actions.

## B.

Next, Smith argues that the District Court abused its discretion by admitting recordings of his telephone conversations with Hinojosa into evidence. We review the admission of such evidence for an abuse of discretion. *United States v. Riley*, 621 F.3d

312, 337 (3d Cir. 2010). We also are mindful of the presumption that any error

regarding the admission of evidence during a bench trial is harmless. *See United States v.*

*Poole*, 640 F.3d 114 (4th Cir. 2011) ("[W]hen a district court finds a defendant guilty

after a bench trial, appellate courts generally presume that the conviction rested only on

admissible evidence."); *see also* Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, FEDERAL PRACTICE AND PROCEDURE § 2885 (2d ed. 2010) (citations omitted) ("In

nonjury cases the district court can commit reversible error by excluding evidence, but it

is almost impossible for it to do so by admitting evidence.").

Smith first alleges that Hinojosa's statements should not have been admitted under

Federal Rule of Evidence 801(d)(2)(E) because the statements were not made "during

and in furtherance of the conspiracy," as the conversation occurred after the conclusion of

the conspiracy, that is, after Hinojosa was arrested.[1] The focus of Smith's argument is

misplaced. The correct focus is whether Smith's comments--not Hinojosa's--were made

in furtherance of the conspiracy. The record clearly establishes that they were. After

speaking with Hinojosa, Smith followed his instructions and arrived at Station Square,

where he took five kilograms of cocaine from Hinojosa's car. Since any commentary on

Smith's part was in furtherance of the conspiracy, the District Court did not abuse its

discretion in admitting Hinojosa's statements.

---

[1] Federal Rule of Evidence 801(d)(2)(E) provides that out-of-court statements by a co-conspirator are admissible against the defendant for the truth of the matter asserted if the preponderance of the evidence shows that (1) a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) the statement was made in furtherance of and in the course of the conspiracy.

Smith further argues, as he did at trial, that Hinojosa's statements did not accurately reflect what took place on the night of Smith's arrest.  The District Court admitted these statements "for what the Government says [they are], Mr. Hinojosa's comments on the night in question."  We have held that recordings are admissible "'[u]nless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy.'" *United States v. DiSalvo*, 34 F.3d 1204, 1220 (3d Cir. 1994) (citing  *United States v. Arango–Correa*, 851 F.2d 54, 58 (2d Cir. 1988)).

We need not address the District Court's Rule 801(d)(2)(E) analysis because, even if the admission of Hinojosa's statements had been in error, that error is harmless.  "An error in an evidentiary ruling is harmless ... when 'it is highly probable that the error did not affect the result.'" *United States v. Friedman*, 658 F.3d 342, 352 (3d Cir. 2011) (quoting *Hill v. Laeisz*, 435 F.3d 404, 420 (3d Cir. 2006)). "High probability means that we have a sure conviction that the error did not prejudice the defendants." *United States v. Casseus*, 282 F.3d 253, 256 (3d Cir. 2002) (internal quotation marks omitted).  Our review of the recorded conversation reveals that the content of Hinojosa's statements was not prejudicial to Smith, particularly in light of the substantial evidence of his guilt presented at trial.  Therefore, based on our review of the record, we conclude that, apart from Hinojosa's recorded statements, there was overwhelming evidence concerning Smith's agreement and participation with Hinojosa in drug trafficking and any error on the District Court's part was harmless.

C.

5

Next, Smith argues that he was convicted on insufficient evidence. Upon a challenge to the sufficiency of the evidence, "we review the evidence in the light most favorable to the government as verdict winner," *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir. 1999), and we must affirm "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Dent,* 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation omitted). "In making our review we examine the totality of the evidence, both direct and circumstantial. We must credit all available inferences in favor of the government." *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003). A conviction for distribution and possession of crack cocaine with intent to distribute requires proof that: (1) the defendant possessed a mixture and substance containing a controlled substance; (2) the defendant possessed the controlled substance knowingly and intentionally; (3) the defendant intended to distribute or knowingly and intentionally distributed the controlled substance; and (4) the controlled substance was cocaine base (crack). *See* Third Circuit Model Criminal Jury Instructions 3.10 and 6.21841A; 21 U.S.C. § 841(a)(1).

Smith's challenge to the sufficiency of the evidence presented at trial is unavailing. In reviewing the sufficiency of the evidence, "all issues of credibility within the province of the jury must be viewed in the light most favorable to the government." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir.1990). We "must affirm the conviction[ ] if a rational trier of fact could have found the defendant[ ] guilty beyond a reasonable doubt and the conviction[ ][is] supported by substantial evidence." *Id*.

Here, the Government presented testimony of co-conspirators from which the District Judge could reasonably find Smith guilty of conspiring to distribute, and possess with intent to distribute, five or more kilograms of cocaine. Co-conspirator Hinojosa testified that during the conspiracy he supplied Smith with five kilograms of cocaine. The Government additionally introduced evidence that established contact between Hinojosa and Smith--contact over a course of several months. The Government introduced a recorded telephone conversation between Hinojosa and Smith, in which Hinojosa can be heard setting up the time, place and date of the drug transaction with Smith. Given this evidence, "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

## D.

As a final argument, Smith asks us to remand his case in light of "newly discovered evidence." We cannot review his claim on appeal because, pursuant to Federal Rule of Criminal 33, such evidence must first be presented to the District Court. Smith has not done so here and his claim is therefore unreviewable at this time.

## III.

Having thoroughly reviewed the record on appeal, we will affirm the judgment of the District Court.