11-4939-pr
*Nosov v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALEXANDER NOSOV,

    *Petitioner-Appellant,*

            -v.-                                               No. 11-4939-pr

UNITED STATES OF AMERICA,

    *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**      RANDOLPH Z. VOLKELL, Merrick, NY.

**FOR RESPONDENT-APPELLEE:**       JAMES J. PASTORE, JR., Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

1

Appeal from an October 12, 2011 order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 12, 2011 order of the District Court be **AFFIRMED**.

On December 5, 2001, a jury found petitioner-appellant Alexander Nosov guilty of (1) murdering Sergei Kobozev in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); (2) kidnapping Kobozev in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); and (3) conspiring to kidnap Kobozev, in violation of 18 U.S.C. § 1201(a)(1). We affirmed Nosov's conviction on direct appeal. *United States v. Nosov*, 119 F. App'x 311, 316 (2d Cir. 2004). Nosov subsequently moved in the District Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] Nosov now appeals the District Court's denial of that motion. We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

A brief summary of the facts of Nosov's case is in order. On November 5, 1995, Nosov spent the evening at a nightclub, where he proceeded to get into a fight with the singer of the band because the band refused to play songs requested by Nosov. Kobozev, a "bouncer" at the club, broke up the fight. Several days later, Kobosev brought his car to an auto-repair shop, which happened to be a meeting place for Nosov and his associates. In retaliation for Kobosev's breaking up the fight, Nosov and his friends forced Kobozev into a stockroom at the auto shop, where Nosov shot Kobozev in the back. Nosov and his associates then drove Kobozev to another acquaintance's house, broke his neck, and buried him in a shallow grave.

After a trial by jury, Nosov was convicted of kidnapping and murdering Kobozev in aid of racketeering, and of conspiracy to kidnap Kobozev. The District Court (Robert L. Carter, *Judge*)[2] sentenced Nosov to life in prison. Nosov now seeks to set aside that sentence.

---

[1] In relevant part, 28 U.S.C. § 2255 provides:

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2] Judge Carter died in 2012. Nosov's case was subsequently transferred to Judge Hellerstein.

**DISCUSSION**

"On appeal from a district court's denial of habeas relief under 28 U.S.C. § 2255, we review factual findings for clear error and conclusions of law *de novo.*" *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012). In order to prevail on an ineffective assistance of counsel claim, Nosov must demonstrate both that his counsel's performance was unreasonably deficient under prevailing professional standards and that, but for his counsel's unprofessional errors, there exists a reasonable probability that the result below would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

Nosov claims that his trial counsel, Alexei Schacht, was ineffective for failing to investigate and present an alibi defense.[3] Nosov points to various affidavits from family members and others, which, he claims, establish that he was not in the United States at the time of Kobosev's murder. Although Nosov may, strictly speaking, be correct when he asserts that he "has provided five affidavits from witnesses who could have testified that he was out of the country at the time the crime was committed," Appellant Br. 6, he has not provided five affidavits of witnesses who could have testified to any consistent or plausible account of his whereabouts at the time of the murder.

As Judge Hellerstein observed, the statements identified by Nosov are "internally conflicting between and amongst themselves." Appellant's App'x 8. Notably, two of the affidavits submitted by Nosov attest that he lived in Dortmund, Germany, when the murder occurred, while two others place Nosov's residence in Zhitomer, Ukraine, at the same time. *Compare id.* at 54 ("I lived with my brother Alexander [Nosov] in Dortmund . . . and, therefore, I have seen him nearly daily during this time"), *and id.* at 57 ("I have seen my son Alexander, who regularly visited me every weekend in my house in Dortmund"), *with id.* at 60 ("Nosov, Alexandr Anatolevich resided in apartment No1(one), own[ed] by me, located at: Velikiy Berdychivskiy St, #39(thirty nine), City of Zhitomir, Ukraine"), *and id.* at 62 ("Nosov . . . was treated from October 30, 1995 until November 10, 1995 in the Surgical Department of Polyclinic #1 due to of right hand phlegmon" at the Central City Hospital in Zhitomir). Still another affidavit describes Nosov as living at a different address in Zhitomer during this time. *Pro se* Supp. App'x 91 (stating that Nosov "resided in the City of Zhitomer at: Dombrovskogo St., #14a, apt. 6").

Indeed, in a sworn affidavit, Schacht explains that he did investigate Nosov's claimed alibi by speaking to Nosov's relatives and reviewing their passports, plane tickets, and photographs. Schacht concluded, not surprisingly, that Kobosev did not leave for Germany until after the murder. Schacht

---

[3] Before the District Court, Nosov argued that Schacht was ineffective because he (1) prevented Nosov from testifying on his own behalf; (2) did not pursue the alibi defense; (3) failed to reasonably cross-examine three government witnesses; and (4) failed to request a certain special interrogatory. Nosov also contended that District Court erred as a matter of law by sentencing him to life in prison. The District Court denied each of these claims, but in this appeal Nosov has pursued only the alibi-defense claim.

3

made a strategic decision not to present evidence that was easily discredited and suggestive of dishonesty. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). As we have noted, "failure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (quotation marks and alteration omitted). In short, we find no merit in Nosov's claim of ineffective assistance of counsel.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the October 12, 2011 order the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court