PS-055                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1335
_____

ALEXANDER NOSOV,
                                    Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-00097)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2016

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: February 10, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Alexander Nosov, an inmate confined at FCI-Schuylkill, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition under 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2001, a jury in the Southern District of New York found Nosov guilty of three counts: (1) Kidnapping in Aid of Racketeering, 18 U.S.C. §§ 1959(a)(1) and (2); (2) Murder in Aid of Racketeering, 18 U.S.C. §§ 1959(a)(1) and 2; and (3) Conspiracy to Commit Kidnapping, 18 U.S.C. §§ 1201(a)(1) and (c).[1] He was sentenced to a term of life imprisonment on each count, to run concurrently with each other, as well as a mandatory $300 special assessment. His direct appeal was unsuccessful. See United States v. Nosov, 119 F. App'x 311, 313 (2d Cir. 2004). Nosov filed a motion pursuant to 28 U.S.C. § 2255, which was denied on the merits. The United States Court of Appeals for the Second Circuit affirmed. Nosov v. United States, 526 F. App'x 127, 129 (2d Cir. 2013).

In January 2015, Nosov – confined in the Middle District of Pennsylvania – filed a petition under 28 U.S.C. § 2241 in that District Court. He asserted that his convictions based on aiding and abetting liability were invalid in light of the Supreme Court's ruling in Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014) (holding that for a defendant to be found guilty of aiding and abetting under 18 U.S.C. § 924(c), the Government must

---

[1] He was found not guilty of two counts: (1) Kidnapping, 18 U.S.C. §§ 1201(a)(1); and (2) Use and Carrying of a Firearm, 18 U.S.C. § 924(c).

prove that the defendant "actively participated in the underlying . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."). The District Court dismissed the § 2241 petition for lack of jurisdiction, holding that Nosov failed to demonstrate that the remedy provided under § 2255 was inadequate or ineffective to test the legality of his detention. Although the District Court did not specifically address the effect of Rosemond, it noted that "[t]o the extent that [Nosov] attempts to rely on new case law not previously available to him when he sought relief pursuant to § 2255 . . ., he is first required to seek permission from the United States Court of Appeals for the Second Circuit for leave to file a successive petition, prior to filing any § 2241 petition in this Court."

Nosov appealed. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court on any basis supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

The Government asserts, inter alia, that we need not address Nosov's challenge to his aiding and abetting convictions under the concurrent sentence doctrine. We agree. Pursuant to that doctrine, a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable. See United States v. McKie, 112 F.3d 626, 628 n.4 (3d Cir. 1997). Because "the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more

3

pressing needs." Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986) (citations omitted). The doctrine should be applied, however, only when it is apparent that the defendant will not suffer collateral consequences from the unreviewed conviction. See United States v. Clemons, 843 F.2d 741, 743 n.2 (3d Cir. 1988).

Nosov attacked only the aiding and abetting convictions, which resulted in life sentences. But because he is also serving a life sentence on the conspiracy to commit kidnapping conviction, any potential relief in this habeas proceeding would not reduce the time he is required to serve. Jones, 805 F.2d at 1129 (holding that habeas challenge that would affect only one of two concurrent counts need not be reached under concurrent sentence doctrine). We note that, in addition to the concurrent life sentences, Nosov was required to pay a mandatory $300 special assessment. We recently held, however, that "the burden of a special assessment – even one imposed in conjunction with a wrongful conviction – does not amount to 'custody' [and] . . . cannot serve as the basis for a claim under section 2255." United States v. Ross, 801 F.3d 374, 382 (3d Cir. 2015) (distinguishing between application of concurrent sentence doctrine on direct appeal and in collateral review); see also Kravitz v. Commonwealth of Pa., 546 F.2d 1100, 1102 (3d Cir. 1977) (stating that the "in custody" requirement of 28 U.S.C. § 2255 is equivalent to the custody requirement of §§ 2241 and 2254). Nosov has not identified any collateral consequences of the aiding and abetting convictions "that would not equally be required by the" conspiracy to commit kidnapping conviction. Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012). Under these circumstances, we conclude that it is appropriate

to invoke the concurrent sentence doctrine.  Thus, we will not address whether <u>Rosemond</u> undermines Nosov's aiding and abetting convictions.

For these reasons, we will affirm the District Court's order.