ALD-010                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2779
_____

VASILIY ERMICHINE,
                                        Appellant

v.

MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00244)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 10, 2019
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 11, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Vasiliy Ermichine appeals from an order of the District Court denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Ermichine was convicted in 2001 in the United States District Court for the Southern District of New York of two counts of racketeering and one count each of kidnapping in aid of racketeering, murder in aid of racketeering, and conspiracy to kidnap. In 2003, he was sentenced to concurrent life terms of imprisonment on each of the 5 counts. The criminal judgment was affirmed on direct appeal by the United States Court of Appeals for the Second Circuit. See United States v. Nosov, 119 F. App'x 311 (2d Cir. 2004). Ermichine filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody," which was denied in September 2011. See Ermichine v. United States, 2011 WL 1842951 (S.D.N.Y. May 12, 2011) (report and recommendation); No. 1:06-cv-10208, ECF 20 (S.D.N.Y. Sept. 20, 2011) (order adopting report and recommendation). The Second Circuit denied a certificate of appealability. See Ermichine v. United States, No. 12-154 (2d Cir. Nov. 13, 2012).

More recently, in April 2018, Ermichine filed an application with the Second Circuit seeking authorization to file a successive § 2255 motion, asserting that two additional pieces of evidence—an October 2017 declaration of one of his co-conspirators and a March 1999 FBI report—satisfied the "newly discovered evidence" requirements of 28 U.S.C. § 2255(h)(1). The Second Circuit denied the application, holding that

2

Ermichine had failed to demonstrate that the evidence was "newly discovered" within the meaning of the statute, or that the new evidence "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." Ermichine v. United States, No. 18-1306 (2d Cir. July 30, 2018) (quoting 28 U.S.C. § 2255(h)(1) (alteration in original)).

On August 27, 2018, Ermichine filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania, challenging his convictions. Ermichine again relied on an October 2017 declaration of one of his co-conspirators and a March 1999 FBI report as purportedly newly discovered evidence, which he claimed demonstrated that he was actually innocent. He also claimed that his trial attorney provided ineffective assistance of counsel, and that the trial court and Government violated his due process rights. Moreover, Ermichine argued that because the Second Circuit denied his application to file a successive § 2255 petition, even though he had presented newly discovered evidence showing that he was actually innocent, § 2255 had become "inadequate and ineffective." The Government answered the § 2241 petition, arguing that the District Court lacked jurisdiction to consider it. The Magistrate Judge filed a Report and Recommendation, agreeing with the Government. In an order entered on July 8, 2019, the District Court adopted the Magistrate Judge's Report, over Ermichine's objections, and dismissed Ermichine's § 2241 petition for lack of jurisdiction.

Ermichine appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

§ 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Ermichine may not resort to the § 2241 remedy. He raises a claim that can be brought in a second or successive § 2255 motion, provided that he meets the requirements under § 2255(h) for doing so. Ermichine claims that he has newly discovered evidence of his innocence, but Congress has provided a remedy for presenting such a claim; a petitioner may bring a second or successive § 2255 motion if the appropriate court of appeals certifies that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The fact that the Second Circuit has already denied Ermichine's motion to file a second or successive § 2255 motion based on newly discovered evidence does not mean that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 539. Accordingly, the District Court lacked jurisdiction over Ermichine's § 2241 petition and properly dismissed the petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Ermichine's § 2241 petition for lack of jurisdiction.