**In the Matter of the Application of Saravut WATTANASIRI, Movant.**

**No. M–120.**

United States District Court, S.D. New York.

Nov. 14, 1997.

Saravut Wattanasiri, Movant pro se.

### MEMORANDUM OPINION

KAPLAN, District Judge.

This motion raises the novel question whether a district court may extend the one year time limit established by the Antiterrorism and Effective Death Penalty Act ("AEDPA") for the filing of motions to vacate sentence pursuant to 28 U.S.C. § 2255.

### Facts

The defendant was convicted on his plea of guilty of violations of 18 U.S.C. §§ 241 and 371. He challenged his sentence on appeal, but the judgment was affirmed by the Court of Appeals on June 7, 1996. *United States v. Kedjumnong,* Nos. 95–1620(L), 95–1654(CON), 1996 WL 304757 (2d Cir. June 7, 1996).

Following the affirmance of the judgment of conviction, petitioner moved to an order requiring the translation into his native Thai language of his plea agreement, the plea

minutes the *Fatico* hearing minutes, unspecified testimony given at the trial of a co-defendant who pleaded not guilty, his sentencing minutes, the minutes of three pretrial conferences, the complaint and affidavit in support of the arrest warrants, the appellate briefs, the decision of the Court of Appeals. and the writ of certiorari, presumably a reference to the petition. The stated ground for the request was that the defendant needs the material in order to decide whether to prepare a motion under 28 U.S.C. § 2255. The Court denied the request in an unpublished order, essentially on the ground that the Court Interpreters Act, 28 U.S.C. § 1827, did not authorize the relief sought because movant no longer was involved in "judicial proceedings instituted by the United States." *United States v. Wattanasiri,* 95 Crim. 52(LAK) (S.D.N.Y. May 5, 1997). On May 14, 1997, movant appealed from that order.

It appears that Wattanasiri, acting *pro se,* on October 2, 1997 sent to this Court a motion for an extension of time in which to file a Section 2255 motion and followed up with another letter, dated October 23, 1997, to inquire as to the status of the motion. In letters dated October 23.1997 and October 31, 1997, the Pro Se Office advised movant that the Court had no authority to extend the time within which to file a motion under 28 U.S.C. § 2255, recommended that movant submit any motion that he might be contemplating before the one-year period of limitation expires. enclosed a form for doing so, and offered to provide any further procedural advice that movant might require. It also cautioned movant that any motion should be sent to the Pro Se Office and not to chambers.

Petitioner now has responded with a letter to the Pro Se Office, with a copy to the undersigned, asserting that a district court may extend the time in which to file a habeas petition. He relies upon *Calderon v. U.S. District Court,* 112 F.3d 386 (9th Cir.1997). In the interests of simplifying the procedure for an indigent, non-English speaking applicant, the Court treats movant's letter as a formal motion to extend the time for filing a motion pursuant to 28 U.S.C. § 2255.

*Discussion*

AEDPA amended Section 2255, effective April 24, 1996, to require that any Section 2255 motion be filed within one year after the latest of:

"(1) the date on which the judgment of conviction becomes final,

"(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making the motion by such governmental action;

"(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

"(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As movant's judgment of conviction was affirmed by the Court of Appeals after the effective date of AEDPA, the one year period of limitation prescribed by Congress applies to this case without any of the complications addressed by cases such as *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997).

At the outset, it is not entirely clear whether movant is in need of an extension. The pertinent clauses of the statute are (1) and (4). Under clause (1), it appears that the time expired before petitioner first sought an extension. The Court of Appeals affirmed his conviction on June 7, 1996. Assuming *arguendo* that the judgment became final when the time in which to petition for a writ of certiorari expired, which was on September 5, 1996, the one year period under that clause expired on September 5, 1997. On the other hand, it presumably is open to movant to argue that his language difficulties and the lack of pertinent papers translated into the Thai language thus far have precluded him from ascertaining any grounds that he subsequently might raise, thus perhaps rendering a subsequent motion timely under clause (4), assuming he can demonstrate that he acted

with due diligence.[1] Nevertheless, movant's predicament is sympathetic. He knows that a clock may be running against him, is handicapped by language difficulties in determining whether he has a viable motion and in preparing it, and he seeks to stop the clock if indeed it is running. In consequence, the present application is understandable.

*Calderon,* the case upon which movant relies, lends some support to his position. In that case, Beeler had been convicted in the state courts of first-degree murder and sentenced to death. His conviction was affirmed in the state system and certiorari denied. He then filed a *pro se* request in the federal court for the appointment of counsel and a stay of execution. The district court granted both requests and directed that his habeas petition be filed by March 27, 1997. Before the petition was prepared, however, appointed counsel withdrew and was replaced by counsel who was heavily committed in other cases. Accordingly, the district court, acting pursuant to Beeler's motion. extended the time for filing the habeas petition until October 13, 1997, a date more than one year after both the completion of direct review in Beeler's case and the enactment of AEDPA. The relevant state authorities attacked the extension by mandamus.

The Ninth Circuit held that the one year period of limitation in AEDPA is not jurisdictional; rather, it is a period of limitations subject to equitable tolling if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." 112 F.3d at 391. *Accord, United States v. Gould,* No. Civ.A. 97–3090, Crim.A. 91–580, 1997 WL 535821. at *3–*4 (E.D.Pa. July 29, 1997); *Parker v. Bowersox,* 975 F.Supp. 1251, 1252 (W.D.Mo.1997); *see also In re Watson,* No. C 97–2681 SI (PR), 1997 WL 487431 (N.D.Cal. Aug.6, 1997). It went on to conclude that the unexpected change in counsel only weeks before the deadline initially fixed by the district court for the filing of the habeas petition was such an extraordinary circumstance and denied the writ. *Id.* at 391–92. Nevertheless, *Calderon* is not conclusive in this case.

Neither the statute nor the pertinent rules of court authorize a district court to extend the time within which a petition must be filed in order to avoid the bar of the statute of limitations enacted by Congress. While this Court assumes, without deciding, that *Calderon* is correct in holding that the one-year period is subject to equitable tolling, it is quite another matter in the ordinary case for a court to rule in advance that a particular delay will or will not fall within the bar of the statute. In ordinary civil cases in which the issue of equitable tolling arises, it normally is raised by the plaintiff in response to a defendant's plea of the bar of the statute. The facts are determined, and the court then decides the issue in an adversary context. *See United States v. Eubanks,* No. S7 92 CR.392 (PKL), 1997 WL 115647, at *1 n. 2 (S.D.N.Y. Mar.14, 1997). Here, on the other hand, movant is seeking what is, or seems very much like, an advisory opinion.

■ The judicial power of the federal courts extends only to " 'cases' and 'controversies.' " *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). It is "the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision." *Muskrat v. United States,* 219 U.S. 346, 356, 31 S.Ct. 250, 253, 55 L.Ed. 246 (1911). And while the determination of whether a case or controversy exists in some circumstances may be a subtle exercise, *see Joint Anti–Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 149, 150, 71 S.Ct. 624, 636–37, 95 L.Ed. 817 (1951), the need for adverse parties contending for a dispute outcome in an adversary posture frequently has been stressed. *E.g., Moore v. Charlotte–Mecklenburg Board of Education,* 402 U.S. 47, 91 S.Ct. 1292, 28 L.Ed.2d 590 (1971).

In addition, the jurisdiction of federal district courts is distinctly limited, extending only to cases and controversies which Congress has empowered them to hear. District

---

1. The fact that movant did not request translations of most of the papers until almost a year after the Court of Appeals affirmed his judgment of conviction doubtless would cut strongly against this argument.

courts have no power to entertain an action or application unless it comes within a Congressional grant of jurisdiction.

These principles require the Court to deny the present application. To begin with, there is no action or proceeding pending. Movant's criminal case has ended. He has not filed a motion pursuant to 28 U.S.C. § 2255. There is no civil action. Congress has not authorized the district courts to entertain applications such as this. Even if it had. there would be substantial doubt as to the existence of the sort of concrete dispute between adverse parties that is required by the case or controversy requirement of Article III, Section 2 of the United States Constitution.

This result is supported by Judge Illston's decision in *Watson, supra.* The movant there sought a six to twelve month extension of time within which to seek a writ of habeas corpus to overturn his state court conviction. He argued, analogous to the point implicitly made by Wattanasiri, that his case was complex, that he was unlearned in the law, and that he had limited access to the prison law library. The court, however, denied the application, essentially on the ground that it was inappropriate for the court to render. *ex parte,* what amounted to an advisors opinion on the issue whether Watson's motion would be "time-barred if it is filed at some unspecified date in the future which may or may not be within the one-year period prescribed by Section 2244(d)." *Watson,* 1997 WL 487431, at * 1; *see also Eubanks, supra.*

Nor does *Calderon* require a different result, as the posture in which the issue arose was different. While the *Calderon* court did consider a request for an extension in advance of the filing of the petition, *Calderon* was a death penalty case in which the filing of the request for counsel and a stay commenced the habeas proceeding. *Watson,* 1997 WL 487431, at * 1 n. 1; *see McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). That request therefore both gave rise to a case or controversy and invoked the Congressional grant of jurisdiction of 28 U.S.C. § 2241. Here, on the other hand. Wattanasiri has filed nothing that might be regarded as having commenced a habeas proceeding.

This of course does not mean that movant is without recourse. Nothing prevents him from filing his motion whenever he regards himself as in a position to do so. If the government then argues that the motion is untimely, he then can argue that it is timely (a) under clause (4) of Section 2255 because he filed within one year of the date on which the facts supporting the petition first were or should have been known to him, or (b) on the ground that the one year period was equitably tolled. *See Eubanks, supra.* He will be free to argue also, as his letter suggests that he intends that the imposition of the one year period is unconstitutional as a violation of the Suspension Clause. These issues then can be decided once they thus have been properly raised.

*Conclusion*

The Clerk is directed to file the correspondence giving rise to this matter and to assign it a Miscellaneous docket number. The motion for an extension of time within which to file a motion pursuant to 28 U.S.C. § 2255 is denied.

SO ORDERED.