**UNITED STATES of America, Appellee,**

v.

**Luis G. LEON, Appellant.**

**Docket No. 99–1492.**

United States Court of Appeals, Second Circuit.

Submitted: Feb. 2, 2000.

Decided: Feb. 10, 2000.

Luis G. Leon, pro se, Ray Brook, NY, for Appellant.

Anthony E. Kaplan, Assistant United States Attorney for the District of Connecticut (Stephen C. Robinson, United States Attorney for the District of Connecticut, of counsel), for Appellee.

Before: OAKES, CABRANES, and SACK, Circuit Judges.

PER CURIAM.

The question presented, as a matter of first impression for this Court, is whether a federal court has jurisdiction to consider a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed. The question arises on a motion by the Government to dismiss appellant Luis G. Leon's appeal from an order of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*) denying Leon's "Motion in Request to Submit an Out of Time Petition (§ 2255)." We conclude that jurisdiction is lacking because there is no "case" or "controversy" within the meaning of Article III of the Constitution. Accordingly, we grant the Government's motion, and dismiss Leon's appeal.

### I.

The facts relevant to the present motion may be stated briefly. In September 1995, following a jury trial, Leon was convicted of possession and conspiracy to possess with intent to distribute a controlled substance. His conviction became final on February 24, 1997, when the Supreme Court denied his petition for a writ of certiorari.

On February 17, 1999, Leon filed a "Motion in Request to Submit an Out of Time Petition (§ 2255)" with the District Court. In the motion, Leon acknowledged that he might be time barred from filing a § 2255 petition by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 105, 110 Stat. 1214, 1220, which imposed a one-year limitations period on the filing of such petitions. Nevertheless, he argued that he should be permitted to file a petition "out of time" because he was not informed by his trial counsel until January 23, 1998 that his petition for a writ of certiorari had been denied.

By order entered April 8, 1999, the District Court denied Leon's motion on the ground that any § 2255 petition filed by Leon would be untimely. Leon filed a timely notice of appeal from that order.[1]

---

1. Leon initially filed a notice of appeal on April 15, 1999, and his appeal was docketed as 99–2219. By order entered May 11, 1999, we dismissed that appeal without prejudice on the ground that Leon had not obtained a Certificate of Appealability. Leon then moved in the District Court for permission to file his appeal without a Certificate of Appealability, on the ground that the District Court's order denying his motion was not a decision on the merits of a § 2255 petition. By order entered July 27, 1999, the District Court agreed, ruling that "[b]ecause [Leon] is not seeking to appeal a ruling denying a 2255 motion itself, he is not required to pursue certificate of appealability and his appeal should not be dismissed for that reason." Thereafter, Leon

The Government now moves to dismiss Leon's appeal.

## II.

■ We agree with the Government that this court lacks jurisdiction to consider Leon's appeal.[2] Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *See, e.g., Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.,* 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (internal quotation marks and brackets omitted). Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory. Accordingly, we lack jurisdiction to consider the issue on appeal.

■ In short, we hold—as every other court to consider the question thus far has held—that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. *See United States v. Polanco,* No. M–120, 1999 WL 328352, at *2–3 (S.D.N.Y. May 21, 1999); *United States v. Clarke,* No. 96 Cr. 125, 1998 WL 91069, at *1 (D.Conn. Feb.24, 1998); *United States v. Agnes,* No. Crim. 93–314–01, Civ. A. 97–2892, 1997 WL 763025, at *1–2 (E.D.Pa. Dec.9, 1997);

*In re Application of Wattanasiri,* 982 F.Supp. 955, 957–58 (S.D.N.Y.1997); *United States v. Eubanks,* No. 7S 92 Cr. 392, 1997 WL 115647, at *1 (S.D.N.Y. Mar.14, 1997); *see also United States v. Chambliss,* No. 97–1655, 1998 WL 246408, at *1 (6th Cir. May 4, 1998) (unpublished opinion).[3] If or when Leon actually files a § 2255 petition, the District Court and this court may consider his argument that such a petition should be considered timely. Until then, we lack jurisdiction to consider the matter.

For the reasons stated above, the Government's motion is granted, and Leon's appeal is dismissed.

---

filed another notice of appeal. That appeal is the one now pending.

2. The Government did not raise the jurisdictional issue before the District Court. Nevertheless, "it is well settled that lack of federal jurisdiction may be raised for the first time on appeal, even by a party who originally asserted that jurisdiction existed or by the Court *sua sponte." United States v. Heyward–Robinson Co.,* 430 F.2d 1077, 1080 (2d Cir.1970). Indeed, even if the Government had not raised the jurisdictional issue on appeal, we

would have had an obligation to consider the matter *nostra sponte. See, e.g., Soto v. United States,* 185 F.3d 48, 51 (2d Cir.1999).

3. We note that the Sixth Circuit allows parties (and, by extension, courts) to cite its unpublished opinions when such opinions have "precedential value in relation to a material issue in a case and ... there is no published opinion that would serve as well." 6TH CIR. R. 24(c).