**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeressa K. MOORE, Defendant– Appellant.**

**No. 02–5487.**

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District

Judge.*

## ORDER

Jeressa K. Moore, a pro se federal prisoner, appeals a district court order dismissing her motion to toll the time for filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moore pleaded guilty to possessing cocaine base with the intent to distribute and was sentenced to 120 months in prison. The judgment was filed on April 10, 2000, and entered on April 14, 2000 Moore did not file a direct criminal appeal.

In her instant motion dated February 15, 2002, Moore asked the district court to toll the time for filing a § 2255 motion. The district court ruled that the time for filing a § 2255 motion had previously expired and that it was not authorized to extend the filing time.

Moore has filed a timely appeal. In her brief, she raises several issues challenging her conviction and sentence.

As an initial matter, we construe Moore's instant motion as filed on February 15, 2002, pursuant to the prison mailroom filing rule of *Houston v. Lack,* 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), because that was the date she placed the motion in the prison mail. *See, e.g., Burns v. Morton,* 134 F.3d 109, 112–13 (3d Cir.1998).

This court reviews de novo a district court's decision regarding subject matter jurisdiction. *Charter Township of Muske-*gon v. City of Muskegon,* 303 F.3d 755, 759 (6th Cir.2002).

Upon review, we conclude that the district court lacked jurisdiction to grant a motion to toll the limitations period or to consider whether the limitations period had expired. Federal courts lack jurisdiction to consider the timeliness of a § 2255 motion until a § 2255 motion is actually filed. *United States v. Leon,* 203 F.3d 162, 163–64 (2d Cir.2000); *In re Application of Wattanasiri,* 982 F.Supp. 955, 957–58 (S.D.N.Y.1997). Before the filing of a § 2255 motion, no case or controversy is pending and federal courts do not render advisory opinions. *See U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); *Leon,* 203 F.3d at 164. Moore has not yet filed a § 2255 motion. Should she file a § 2255 motion, the timeliness of the motion may then be considered.

Finally, we decline to review Moore's substantive issues challenging her conviction and sentence because Moore did not properly raise these issues in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Sandra S. Beckwith. United States District Judge for the Southern District of Ohio, sitting by designation.