IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40759
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN NORRIS SHIPMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:00-CR-1-2
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        John Shipman, Texas prisoner # 1033934, is currently serving

a 180-month sentence for conspiracy to possess with intent to

distribute methamphetamine and possession of a dangerous weapon

in connection with a drug-trafficking crime.  Shipman appeals the

district court's denial of his motion for extension of time to

file a 28 U.S.C. § 2255 petition. The motion was not accompanied

by a § 2255 petition on the merits. We affirm because the

district court lacked jurisdiction to entertain the motion.

———————————————

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We agree with the reasoning of <u>United States v. Leon</u>, 203 F.3d 162 (2d Cir. 2000) (per curiam), and conclude "that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." <u>Id</u>. at 163. Before the petition itself is filed, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." <u>Id</u>.

Accordingly, the district court's denial of Shipman's motion is AFFIRMED.