United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10786
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MCFARLAND, JR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-9-ALL-Y
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James McFarland, Jr., federal prisoner # 33876-077, was
convicted of four counts of robbery in violation of the Hobbs Act
and four counts of using and carrying a firearm in relation to
those robberies and was sentenced to a total term of 1170 months
of imprisonment and five years of supervised release.  McFarland
sent a letter to the district court in which he stated that his
28 U.S.C. § 2255 motion, which he placed in the prison mail
system, had been lost.  His letter questioned how the loss of the
motion would affect the limitations period for filing such a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion. The letter was not accompanied by a 28 U.S.C. § 2255 petition on the merits. The district court construed the letter as a motion for extension of time to file a 28 U.S.C. § 2255 petition and denied it. McFarland appealed that decision and now requests the issuance of a Certificate of Appealability (COA). We deny COA as unnecessary and affirm because the district court lacked jurisdiction to entertain the motion.

We agree with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) (per curiam), and conclude "that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Id. at 163. Before the petition itself is actually filed, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id.

McFarland contends that under Spotville v. Cain, 149 F.3d 374, 375-76 (5th Cir. 1998), his 28 U.S.C. § 2255 petition was "filed" when he placed it in the prison mail system and that the district court had the discretion to allow him to re-mail copies of his timely-filed motion. However, no 28 U.S.C. § 2255 petition has been received by and/or actually filed in the district court. The question when McFarland's 28 U.S.C. § 2255 petition should be deemed filed cannot be answered until such a motion is actually received and filed in the district court.

Accordingly, the district court's denial of McFarland's motion is AFFIRMED.

COA DENIED AS UNNECESSARY; AFFIRMED.