**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-6513**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ANTHONY CHATANE WHITE,

                                        Defendant - Appellant.

———————

**No. 07-7095**

———————

ANTHONY CHATANE WHITE,

                                        Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA,

                                        Defendant - Appellee.

———————

Appeals from the United States District Court for the District of
South Carolina, at Anderson.  Henry M. Herlong, Jr., District
Judge.  (8:04-cr-00632-HMH; 8:07-cv-70064-HMH)

———————

Submitted:  September 26, 2007     Decided:  December 10, 2007

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

No. 07-6513 affirmed; No. 07-7095 dismissed by unpublished per curiam opinion.

_____

Anthony Chatane White, Appellant Pro Se.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Anthony Chatane White seeks to appeal (1) the district court's order denying his motion to extend the time to file a motion under 28 U.S.C. § 2255 (2000), based upon equitable tolling (No. 07-6513), and (2) the court's order denying his § 2255 motion, in which he challenged the amended criminal judgment (No. 07-7095). With regard to the appeal in No. 07-6513, we find that, because White did not actually file a § 2255 motion challenging the original judgment of conviction, he is not required to obtain a certificate of appealability to appeal the district court's order denying the motion for an extension of time. See Woodford v. Garceau, 538 U.S. 202, 210 (2003) (holding that "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court"). Thus, we deny his motion for a certificate of appealability as unnecessary.

Turning to the propriety of the district court's denial of White's motion for an extension of time, the district court denied the motion on the ground that lack of access to White's legal documents did not warrant equitable tolling. We conclude, however, that the district court lacked jurisdiction to consider the motion in the first place because White had not filed a § 2255 motion challenging the original judgment of conviction and his motion did not raise any potential grounds for relief. See United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000). Accordingly,

in No. 07-6513, we affirm the district court's denial of relief on the alternate ground that the court lacked jurisdiction. See United States v. Smith, 395 F.3d 516, 518-19 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record.").

In appeal No. 07-7095, White may not appeal the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that White has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 07-7095.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>No. 07-6513 AFFIRMED</u>
<u>No. 07-7095 DISMISSED</u>