[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15366
Non-Argument Calendar

_____

D. C. Docket Nos. 06-21782-CV-AJ
91-00870-CR-AJ

UBALDO MAZOLA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ubaldo Mazola, a federal prisoner proceeding with counsel, appeals the

district court's dismissal of his 28 U.S.C. § 2255 motion to vacate as time-barred. After pleading guilty to conspiracy to possess with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, Mazola was sentenced to 96 months' imprisonment. His conviction became final on May 2, 2005. As he acknowledges, Mazola had one year, or until May 2, 2006, to file his § 2255 motion to vacate. See 28 U.S.C. § 2255(f)(1)-(4) (establishing a one-year limitations period for § 2255 motions). On July 17, 2006, 52 days after the expiration of the one-year deadline, Mazola filed his § 2255 motion.

The district court found Mazola was entitled to 42 days of equitable tolling for the time he was hospitalized during the year after his conviction. Even with these 42 days, however, Mazola's § 2255 motion was untimely by 10 days. On appeal, Mazola argues that he was entitled to additional equitable tolling because of his dire medical condition and his due diligence in filing the § 2255 motion.

In a proceeding on a motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error while legal issues are reviewed de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Under § 2255, the one-year limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

2

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Once the limitations period begins, it may be tolled by equitable tolling. The doctrine of equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. See Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000). The equitable tolling analysis is fact-specific and must be determined on a case-by-case basis. Downs v. McNeil, 520 F.3d 1311, 1322 (11th Cir. 2008).

As noted earlier, Mazola filed his § 2255 motion 52 days after the one-year

3

statutory deadline.  See 28 U.S.C. § 2255(f)(1); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  The district court found that Mazola was entitled to 42 days of equitable tolling, accounting for the days he was hospitalized for pneumonia and tuberculosis, in addition to his chronic conditions of seizures and asthma.  The district court also found that Mazola was not entitled to any additional equitable tolling because he failed to show that his medical conditions constituted extraordinary circumstances during the time that he was not hospitalized or that he acted diligently to file his § 2255 motion in a timely manner.  These findings were not clearly erroneous.  Thus, with the 42 days of equitable tolling, Mazola filed his § 2255 motion 10 days late, and the district court properly dismissed the motion as untimely.

Upon review of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**