[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13454
Non-Argument Calendar
_____

D.C. Docket Nos. 9:13-cv-80118-KAM, 9:06-cr-80199-KAM-3

LEON SWICHKOW,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Leon Swichkow appeals the denial of his third motion for an extension of time to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, as well as the later dismissal of his § 2255 motion on timeliness grounds.  After a thorough review, we affirm in part, and vacate and remand in part.

I.

In 2008, a jury convicted Swichkow of multiple counts of wire fraud, mail fraud, money laundering, and securities fraud.  We affirmed Swichkow's convictions on direct appeal, and the Supreme Court denied his petition for a writ of *certiorari* on January 9, 2012.  *See United States v. Wetherald*, 636 F.3d 1315 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1002 (2012).  As Swichkow acknowledges, he had one year from the date his conviction became final, or until January 9, 2013, to file his § 2255 motion to vacate.  *See* 28 U.S.C. § 2255(f)(1)-(4) (establishing a one-year limitations period under the Antitterrorism and Effective Death Penalty Act of 1996 (AEDPA) for § 2255 motions).

On October 23, 2012, before the expiration of the limitations period, Swichkow sent a *pro se* letter to the district court, requesting a six-month extension to file a § 2255 motion because he had been experiencing medical complications over the past year.  The district court docketed Swichkow's letter in his criminal case, and later denied his request.  Specifically, the court explained that it lacked the authority to consider a request to extend the limitations period before an actual

2

§ 2255 motion had been filed, nor could it treat Swichkow's letter as a substantive habeas motion because he failed to include any allegations sufficient to support a claim for relief under § 2255. Swichkow did not appeal this ruling. Instead, on January 3, 2013, also within the limitations period, Swichkow moved for a second time for an extension, again stating that multiple health issues had impeded his ability to file a timely § 2255 motion. On January 8, 2013, Swichkow filed a third request for additional time. These additional requests also were docketed in his criminal case. In an order dated January 14, 2013, the district court denied Swichkow's second motion for an extension.

On January 24, 2013, fifteen days after the expiration of the one-year deadline and before the district court could rule on his third request, Swichkow filed his § 2255 motion. In a single order dated July 10, 2013, the district court denied Swichkow's third motion for an extension of time and dismissed his § 2255 motion as time-barred. The court, however, granted a certificate of appealability (COA) on the following issue:

> Does a district court have jurisdiction to grant a motion for an extension of time to file a petition to vacate a conviction in a criminal case pursuant to 28 U.S.C. § 2255 before the petition has been filed, or where the motion for an extension of time does not contain allegations sufficient to support a claim for relief under 28 U.S.C. § 2255.

Swichkow then filed a single notice of appeal, noting his desire to appeal from the district court's "final judgment" entered on July 10, 2013.

3

II.

As a preliminary matter, we must determine the scope of the issues properly before us in the instant appeal.  In his appellate brief, Swichkow's sole argument pertains to the district court's dismissal of his § 2255 motion as untimely.  Specifically, he asserts that his significant health problems constituted extraordinary circumstances that would justify equitable tolling, and that he exercised due diligence in pursuing his § 2255 motion.  The government responds that the issue of equitable tolling is beyond the scope of the COA, and urges us to vacate the district court's order granting a COA as improvidently granted and remand for re-issuance.

The right to appeal from the denial of a § 2255 motion to vacate is governed by the requirements found at 28 U.S.C. § 2253(c).  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Under the AEDPA, a federal prisoner must obtain a COA in order to appeal the denial of a § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B).

To the extent that Swichkow intended to appeal the denial of his third motion for an extension to file a § 2255 motion, he did not need a COA to proceed on appeal.  *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003) (holding that "a case does not become 'pending' until an actual application for habeas corpus relief

4

is filed in federal court").  Swichkow's appellate brief does not include any arguments that relate specifically to the denial of his third motion for an extension.  Nevertheless, "[w]e are obligated to raise questions concerning our subject matter jurisdiction *sua sponte* in all cases."  *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004).

In this case, although Swichkow lodged multiple motions for an extension in the district court, he never articulated any of the claims for relief that he intended to raise in a § 2255 motion.  In its order denying Swichkow's first motion for an extension, the district court clearly advised Swichkow that it lacked the ability to entertain his request absent a proposed § 2255 motion, or any indication of the substantive claims or challenges to be included in Swichkow's habeas action.  *See Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011) ("Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255.") (citation omitted).  Rather than heed this advice, Swichkow filed two additional requests for an extension, but failed to provide any details concerning his proposed § 2255 claims.  As such, the district court lacked the ability to construe any one of Swichkow's three requests for an extension to the

5

limitations period as a substantive motion for relief under § 2255, even though all three requests were filed within the one-year limitations period.

We have yet to address whether a district court retains jurisdiction to rule on a motion for an extension of time to file a § 2255 motion in instances where the request does not contain allegations supporting a claim for habeas relief. A few of our sister circuits, however, have considered this issue. In *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000), the Second Circuit concluded "that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *Id.* at 164. Specifically, the Second Circuit reasoned that because the defendant had yet to file a § 2255 motion, there was no case or controversy to be heard, and any opinion that the court rendered on the timeliness issue would be merely advisory. *Id.*[1]

In a recent decision, however, the Third Circuit rejected the holding in *Leon* and concluded that a district court retains jurisdiction to rule on a defendant's motion for an extension of time before the actual § 2255 motion is filed. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). The Third Circuit explained that "although certain aspects of a § 2255 proceeding may be considered

---

[1] Other circuits have adopted this reasoning. *See, e.g., United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (unpublished) (noting that the district court lacked jurisdiction to consider a motion for an extension of time because the movant had yet to file a § 2255 motion challenging the original judgment of conviction, and his motion seeking an extension did not raise any potential grounds for relief); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (unpublished) (same); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003) (unpublished) (same).

civil, a § 2255 proceeding is a continuation of a defendant's federal criminal case." *Id.* Thus, a motion for an extension of time can be decided prior to a formal request for § 2255 relief because the underlying criminal proceeding "satisfies Article III's case or controversy requirement." *Id.*[2] The Third Circuit then adopted the test applicable to the doctrine of equitable tolling, and concluded that the defendant was not entitled to an extension of time to file a § 2255 motion because he failed to show that he had diligently pursued his rights and that he was beleaguered by an extraordinary circumstance. *Id.* at 174-75.

We find the reasoning of the Second Circuit to be persuasive and in line with our existing caselaw that treats a habeas proceeding as a separate civil post-conviction action rather than a continuation of a criminal case. *See, e.g., United States v. Jordan*, 915 F.2d 622, 628 (11th Cir. 1990) (observing that "proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); *United States v. Dunham Concrete Prods., Inc.*, 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that § 2255 proceedings are, like

---

[2] The Seventh Circuit also has looked at whether a jurisdictional bar exists to the district court's consideration of a motion for an extension of time to file a 28 U.S.C. § 2254 petition before the filing of the actual petition. *See Socha v. Pollard*, 621 F.3d 667 (7th Cir. 2010). The Seventh Circuit, however, acknowledged that its case was different from *Leon* "in precisely the respect that concerned the Second Circuit: the existence, or lack thereof, of a petition for a writ of habeas corpus before the [district] court." *Id.* at 670. As a result, the Seventh Circuit did not have to resolve the jurisdictional question because by the time the district court considered Socha's motion for an extension, an actual § 2254 petition already had been filed. *Id.*

habeas matters, civil actions mainly standing on their own bottoms . . . .");
*Rosecrans v. United States*, 378 F.2d 561, 565-66 (5th Cir. 1967) (stating that "[a]
motion under § 2255 . . . is an independent civil proceeding, and it is not a part of
the proceedings in the criminal case in which the sentence attacked was
imposed.").

Here, because Swichkow had yet to file an actual § 2255 motion at the time
he sought an extension to the limitations period, there was no actual case or
controversy to be heard. Thus, the district court properly concluded that it lacked
jurisdiction to consider Swichkow's requests for an extension of time to file a
§ 2255 motion absent a formal request for habeas relief. Accordingly, we affirm
the denial of Swichkow's third request for an extension to file a § 2255 motion.

III.

This, however, does not end our inquiry. When a district court denies a
habeas petition on procedural grounds and does not reach the petitioner's
underlying constitutional claim, the petitioner must show that (1) "jurists of reason
would find it debatable whether the district court was correct in its procedural
ruling"; and (2) "jurists of reason would find it debatable whether the petition
states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484;
*see also Bell v. Fla. Att'y Gen.*, 614 F.3d 1230, 1231-32 (11th Cir. 2010) (applying
*Slack* to a 28 U.S.C. § 2254 petition dismissed as untimely, and vacating district

8

court's order granting a COA on the issue of equitable tolling as improvidently granted).  Thus, where a § 2255 motion is denied on procedural grounds, determining whether a COA should issue "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Slack*, 529 U.S. at 484-85.

As discussed above, the district court issued a COA limited to the denial of Swichkow's third motion for an extension of time to file a § 2255 motion.  *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) (ordinarily, "the scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.").  The district court, however, failed to specify whether jurists of reason would find it debatable that Swichkow's underlying § 2255 motion states a valid claim of the denial of a constitutional right.  Moreover, Swichkow has at least made an arguable showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling on timeliness.

After Swichkow filed his § 2255 motion on January 24, 2013, fifteen days after the expiration of the one-year limitations period, the district court ordered Swichkow to respond to the timeliness issue.  On February 27, 2013, Swichkow responded that he had filed multiple motions to extend the limitations period based on his health issues.  Swichkow also attached a copy of a form addressed to the

Bureau of Prisons (BOP), dated February 15, 2013, requesting a copy of his medical records for the past 60 days. In a response dated February 20, 2013, a BOP staff member told Swichkow "[y]our name has been placed on the waiting list."

On April 25, 2013, the magistrate judge issued a report recommending that Swichkow's § 2255 motion be dismissed as untimely. Additionally, Swichkow failed to demonstrate that his medical issues were sufficiently debilitating to constitute extraordinary circumstances that would justify equitable tolling, or that he exercised due diligence in pursuing § 2255 relief during the limitations period. The magistrate judge expressly highlighted that Swichkow had failed to provide any evidence to show how his health issues had impeded his ability to file a timely § 2255 motion.

In his objections to the magistrate judge's report, filed on June 20, 2013, Swichkow attached a copy of his medical records, and further explained that he had not received a copy of the records until June 5, 2013, over a month after the issuance of the magistrate judge's report. On July 10, 2013, the district court adopted and affirmed the magistrate judge's report, after "independent *de novo* review of the file, and over the objections having been filed." The court, however, made no mention of Swichkow's medical records, even though this evidence was unavailable to Swichkow prior to the issuance of the magistrate judge's report. *Cf.*

*Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

A review of Swichkow's medical records illustrate that he was hospitalized on at least nine different occasions between May 2012 and April 2013 for treatment of bladder cancer, renal issues, and heart failure. Notably, in the year leading up to the expiration of the limitations period on January 9, 2013, Swichkow spent approximately 34 days in the hospital. There is no indication that the district court considered whether Swichkow was entitled to equitable tolling for this period, thereby rendering his § 2255 motion, filed fifteen days after the expiration of the limitations period, timely. *See Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008) (unpublished) (affirming the grant of 42 days of equitable tolling in a § 2255 proceeding, accounting for the days the petitioner was hospitalized for pneumonia and tuberculosis, in addition to his chronic conditions of seizures and asthma).

As such, we vacate the district court's order granting a COA, and remand with instructions for the court to consider whether Swichkow warrants a COA to appeal the denial of his § 2255 motion as untimely. Specifically, the court should consider whether Swichkow's § 2255 motion makes a "substantial showing of the denial of a constitutional right," in addition to whether reasonable jurists would

11

find it debatable whether the district court was correct in its procedural ruling on timeliness.  28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**