18-2033-cr
*United States v. Johnson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
*Circuit Judges.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee,*                            18-2033-cr

        v.

KEWON D. JOHNSON, AKA KEWON JOHNSON,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                    Carina H. Schoenberger, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] Judge Christopher F. Droney, who was initially assigned to the panel in this case, retired from the Court, effective January 1, 2020. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

**FOR DEFENDANT-APPELLANT:**　　　　　　　Molly K. Corbett, James P. Egan,
　　　　　　　　　　　　　　　　　　　　　Assistant Federal Public Defenders, *for*
　　　　　　　　　　　　　　　　　　　　　Lisa A. Peebles, Federal Public Defender
　　　　　　　　　　　　　　　　　　　　　for the Northern District of New York,
　　　　　　　　　　　　　　　　　　　　　Albany, NY.

　　　　Appeal from a July 6, 2018 conviction of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

　　　　**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED AND REMANDED**.

　　　　Defendant-Appellant Kewon D. Johnson ("Johnson") appeals his conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1] In *Rehaif*, the Supreme Court concluded that the "status element" of 18 U.S.C. § 922(g) contains a scienter requirement, so that a defendant may be convicted under the statute of knowingly possessing a firearm only if he also "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Johnson, who pleaded guilty to violating 18 U.S.C. § 922(g), argues that his indictment did not contain this "knowledge of status" element, nor did the District Court articulate it during his plea hearings. He argues that he therefore did not plead guilty to knowing that he belonged to the relevant category of persons barred from possessing a firearm—in his case, the category of persons "who ha[ve] been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Accordingly, Johnson asks this Court to either: (1) dismiss the indictment, because its defect deprived the District Court of jurisdiction; or (2) vacate the conviction, because the District Court did not give Johnson proper notice of the elements of the crime or find a proper factual basis for his guilt. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### *(1) Subject Matter Jurisdiction*

　　　　Johnson first contends that the District Court lacked subject matter jurisdiction over the prosecution because the indictment—which did not expressly state the "knowledge of status" element—was defective. Lack of subject matter jurisdiction may be raised in the first instance on appeal, as Johnson raises it here. *See United States v. Leon*, 203 F.3d 162, 164 n.2 (2d Cir. 2000).

---

[1] Johnson also contends that the District Court erred in sentencing. However, since we determine that his conviction should be vacated, we need not address his sentencing challenges at this time.

We addressed this same jurisdictional challenge to a § 922(g) indictment post-*Rehaif* in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), and found it unavailing. The Court in *Balde* noted that "an indictment that does not clearly indicate that the defendant is required to know he or she is in a prohibited category may be deficient in some way . . . , but its absence does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case." *Id.* at 90-91. Accordingly, we held that "the indictment's failure to allege that [defendant] knew [his status] was not a jurisdictional defect." *Id.* at 92. For this reason, we reject Johnson's argument that the District Court lacked subject matter jurisdiction over his prosecution. As in *Balde*, the indictment sufficiently alleged the § 922(g) offense to give the District Court power to hear his case.

### (2) Guilty Plea

Johnson next argues that, even if there was subject matter jurisdiction, his guilty plea was invalid because the District Court violated its various obligations under Federal Rule of Criminal Procedure 11: it failed to properly explain to him all of the elements of the crime to which he was pleading, in violation of Rule 11(b)(1)(G), and it failed to find a factual basis for all of the elements of the crime, in violation of Rule 11(b)(3). Because Johnson did not object to the validity of his guilty plea in the District Court, we review his non-jurisdictional challenge for plain error. *Id.* at 95. "Under the plain error standard, an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219-20 (internal quotation marks omitted). In the context of reviewing guilty pleas, the third prong of the plain error analysis is especially important: even where we find error that is clear or obvious, we will only find that a defendant's substantial rights were "affected" when there is "a reasonable probability that, but for the error, [defendant] would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005).

We address each prong in turn and conclude all four are met.

a. *There is error . . .*

As we squarely noted in *Balde*, "the failure of the district court to advise [defendant] that the government would need to establish beyond a reasonable doubt at trial that he knew [his status under 18 U.S.C. § 922(g)], or to examine the record to determine whether there was a factual basis for finding such knowledge, [is] error." 943 F.3d at 96. The failure to advise violates Rule 11(b)(1)(G) and the failure to find a factual basis violates Rule 11(b)(3). Because the District Court here neither advised Johnson that the Government would need to establish beyond a reasonable doubt that he knew he was a

3

felon, nor examined the record to determine whether there was a factual basis for such knowledge, there was error.

b.   *. . . that is clear or obvious . . .*

Moreover, as we also concluded in *Balde*, such error rises to the level of clear error when it is "so egregious and obvious that a trial judge and prosecutor would be derelict *in permitting it in a trial held today*." *Id.* at 97. Although the able District Court judge conducted the plea proceeding in accord with the law as it was understood at that time, it is well established that the question of "[w]hether an error is 'plain' is determined by reference to the law as of the time of appeal." *United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009); *see also Johnson v. United States,* 520 U.S. 461, 468 (1997) (same). The errors by the District Court here rose to the level of clear error because, after *Rehaif*, a trial judge and prosecutor would not permit them during Rule 11 proceedings.

c.   *. . . that affected appellant's substantial rights . . .*

As noted above, a defendant's substantial rights are "affected" in a Rule 11 proceeding when there is a "reasonable probability" that, but for the clear error, he would not have pleaded guilty. Put another way, "[a] defendant must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (internal quotation marks omitted).

Johnson contends we can find no basis in the record to conclude that he would have pleaded guilty had he been made aware of the "knowledge of status" requirement of 18 U.S.C. § 922(g) or had the District Court looked for a factual basis of the "knowledge of status" element. But for these clear errors, he says, there would have been a different result. The Government counters, arguing that there is, in fact, some basis in the record to conclude that he would have pleaded guilty anyway.

In suggesting that Johnson would have pleaded guilty absent error, the Government relies on a statement he made during the pre-sentence interview and quoted in the pre-sentence report ("PSR"), in which Johnson "admits to knowing he was prohibited from the possession of firearms as a result of [two prior felony] convictions." PSR ¶ 15. But the meaning of such an admission is far from clear. It could mean that Johnson "admits to [currently] knowing"—at the time of the pre-sentence interview—that "he was prohibited from the possession of firearms as a result of [two prior felony] convictions." Or it could mean that Johnson "admits to [previously] knowing"—at the time of his possession of the firearm—that "he was prohibited from the possession of firearms as a

4

result of [two prior felony] convictions." Without such clarity of meaning, we cannot rely on this statement, as the Government urges us to, in order to conclude that Johnson would have pleaded guilty anyway to knowing his status as a felon under § 922(g) at the time he possessed a firearm.

The Government also urges us to look to the statements Johnson made during the plea hearing, when he agreed with the Court's characterization of him as someone who had been convicted of two crimes punishable by more than a year, and admitted to those convictions. But such statements merely show that Johnson was aware *at the time of his plea hearing* of his status as a felon under § 922(g)(1), not that he was aware at the time of his possession of a firearm. Accordingly, they cannot serve as a basis to conclude that Johnson would have pleaded guilty absent error.

Moreover, the fact that neither of Johnson's two felony convictions actually resulted in prison sentences of more than a year weighs against the Government, and in favor of concluding that Johnson might *not* have pleaded guilty absent error. In another recent case in *Rehaif*'s aftermath, we noted that where a defendant has served a prison sentence of more than a year, it is presumed that he knows of his status as a felon under § 922(g)(1). *See United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) (noting the fact that defendant's conviction for a 10 year sentence "removes any doubt that [he] was aware of his membership in § 922(g)(1)'s class"). But the same presumption should not apply to Johnson, who had not been sentenced to more than a year in prison for his two felony convictions at the time he was arrested for possession of a firearm. So even though those crimes were still *punishable* with sentences of more than a year, thus making him a member of the § 922(g)(1) class, it is not clear that he *knew* of his membership, as is necessary under *Rehaif*.

Accordingly, given that a factual predicate for Johnson's conviction is lacking, there is at least a reasonable probability that Johnson would not have pleaded guilty had he been correctly instructed on the elements of the crime or had the District Court looked for such a factual predicate on the "knowledge of status" element. As such, his substantial rights were affected.

d.  *. . . that seriously affects the fairness, integrity or public reputation of judicial proceedings.*

As noted in *Balde*, "[w]here a defendant has been convicted of and received a prison sentence for an offense of which there is a substantial probability he is not guilty, there can be no serious question that allowing such an error to stand would significantly affect the fairness and integrity of judicial proceedings." 943 F.3d at 98 (internal quotation marks and alterations omitted). The conviction here—which was based on clear errors

5

that substantially affected Johnson's rights—thus affected the fairness and integrity of judicial proceedings. It amounted to plain error.

## CONCLUSION

For the foregoing reasons, we **VACATE** the July 6, 2018 judgment of the District Court, and **REMAND** the cause for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk