23-6432-cr
*United States v. Ermichine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October two thousand and twenty four.

PRESENT:
>BARRINGTON D. PARKER,
>BETH ROBINSON,
>>*Circuit Judges*,
>VERNON D. OLIVER,
>>*District Judge*.*

───────────────────────────────────────

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                     No.  23-6432

VASILIY ERMICHINE, AKA VASSYA, AKA BLONDIE,

>*Defendant-Appellant*,

NATAN GOZMAN, ALEXANDER NOSOV, AKA SASHA DLINNI,

─────────────────────

* Judge Vernon D. Oliver, of the United States District Court for the District of Connecticut, sitting by designation.

*Defendants.*†

FOR APPELLANT:                                    Arkady Bukh, Bukh Law Firm PLLC,
                                                  New York, NY

FOR APPELLEE:                                     Andrew Jones, Jacob R. Fiddelman,
                                                  Assistant United States Attorneys, *for*
                                                  Damian Williams, United States
                                                  Attorney for the Southern District of
                                                  New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the instant appeal from the district court's order entered on April 19, 2023, is **DISMISSED** for lack of subject matter jurisdiction.  Below, we assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to dismiss the appeal on the basis that the district court, and by extension this Court, lacked jurisdiction to entertain his motion.

In December 2001, Vasiliy Ermichine was convicted of two counts of racketeering, one count of kidnapping in aid of racketeering, murder in aid of

---

† The Clerk's office is directed to amend the caption as reflected above.

racketeering, and conspiracy to commit interstate kidnapping. He was sentenced to life imprisonment on each count, to run concurrently.

Ermichine's convictions arose from the kidnapping and murder of Sergei Kobozev. At trial, the prosecution presented evidence that Ermichine was a member of a Russian organized crime group known as "Tatarin's Brigade" and that, along with fellow Brigade members Natan Gozman and Alexander Nosov, Ermichine confronted Kobozev on a Brooklyn street, led him into an auto body shop, and threatened him with a gun. A fight ensued, and Nosov shot Kobozev in the back. Kobozev did not immediately die from the gunshot wound, and the prosecution's theory at trial was that Ermichine, Gozman, and Nosov transported Kobozev alive to the New Jersey house of a fellow Brigade member, where Ermichine killed him by breaking his neck before burying him.

This Court affirmed Ermichine's conviction on direct appeal. *United States v. Nosov*, Nos. 03-1355, 03-1357, 119 F. App'x 311, 316 (2d Cir. 2004) (summary order). Ermichine has since pursued several unsuccessful collateral challenges to his conviction, including a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, *Ermichine v. United States*, No. 06 Civ. 10208, 2011 WL 13365603, at *1 (S.D.N.Y. Sept. 20, 2011) (denying motion to vacate), and two applications for leave

from this Court to file a second or successive § 2255 motion, Motion Order, *Ermichine v. United States*, No. 18-1306 (2d Cir. June 5, 2018), ECF No. 19, Motion Order, *Ermichine v. United States*, No. 19-3545 (2d Cir. March 15, 2021), ECF No. 32.

Ermichine now hopes to file a third application for leave to file a successive § 2255 motion. In anticipation of that application, Ermichine filed a motion with the district court for issuance of subpoenas *duces tecum* to inspect Kobozev's death certificate and autopsy records, which he contends will allow him to conclusively prove that Kobozev died of his gunshot wound and, therefore, that Ermichine is actually innocent of murder in aid of racketeering. The district court denied Ermichine's motion. Ermichine now appeals that denial.

We lack jurisdiction to consider the merits of Ermichine's appeal at this time. Article III, Section II of the Constitution limits the judicial power of the federal courts to "cases" or "controversies," and a federal court lacks the power to render advisory opinions. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (concluding that this Court lacks jurisdiction to consider an appeal of the denial of a motion to submit an untimely petition that was filed in the absence of an actual § 2255 petition). Ermichine essentially seeks a ruling on the question whether he is entitled to discovery "for good cause shown" in connection with a § 2255

petition. *See* Rules Governing § 2255 Cases Rule 6(a). But he has not actually filed such a petition. For that reason, "there is no case or controversy to be heard, and any opinion we were to render on the [discovery] issue would be merely advisory." *Leon*, 203 F.3d at 164. Accordingly, we lack jurisdiction to consider the merits of Ermichine's request on appeal. *Id.*; *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001).

Moreover, we reject Ermichine's argument that his pre-petition motion should be treated as *initiating* a § 2255 proceeding. *Cf. McFarland v. Scott*, 512 U.S. 849, 859 (1993) (concluding that a capital defendant may invoke the right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel). Even if the *McFarland* analogy applied generally, because he seeks to initiate a *successive* petition, Ermichine could not do so without certification by this Court. *See* 28 U.S.C. § 2255(h).

\* \* \*

For the foregoing reasons, we DISMISS Ermichine's appeal for lack of subject matter jurisdiction and REMAND for the district court to DISMISS his request for discovery on the same basis.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court