13-2111-cr
United States v. Vale

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                    *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

           v.                                        No. 13-2111-cr

JASON VALE,
                    *Defendant-Appellant,*

CHRISTIAN BROS. CONTRACTING CORP., A CORPORATION,
                    *Defendant*.
------------------------------------------------------------------------
FOR APPELLANT:              Jason Vale, *pro se*, Bellerose Manor, New York.

FOR APPELLEE:               Amy Busa, Charles S. Kleinberg, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court entered on May 13, 2013, is AFFIRMED.

Jason Vale, <u>pro se</u>, appeals from the denial of his request for an order declaring that his federal conviction for three counts of criminal contempt, <u>see</u> 18 U.S.C. § 401(3), does not constitute a felony conviction for the purpose of being allowed to vote or possess a weapon. We assume the parties' familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

"Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies." <u>Cooper v. U.S. Postal Serv.</u>, 577 F.3d 479, 489 (2d Cir. 2009) (citing U.S. Const. art. III, § 2). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." <u>United States v. Blackburn</u>, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted). "A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III . . . ." <u>United States v. Williams</u>, 475 F.3d 468, 478 (2d Cir. 2007) (internal quotation marks omitted). "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>National Org. for Marriage, Inc. v. Walsh</u>, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted). "[F]ederal court[s]

2

lack[] the power to render advisory opinions." United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (internal quotation marks omitted).

Vale's motion for clarification did not present a live case or controversy because (1) any challenge to his sentence was moot, as he had already completed his terms of imprisonment and supervised release, see United States v. Williams, 475 F.3d at 479; and (2) the hypothetical denial of voting or gun owning privileges was not ripe because it "depend[ed] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," National Org. for Marriage, Inc. v. Walsh, 714 F.3d at 687 (internal quotation marks omitted). The district court correctly declined to issue an advisory opinion as to whether Vale's crime of conviction constituted a felony.

We have considered Vale's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3