United States v. Vale

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT:  REENA RAGGI,
                     RICHARD C. WESLEY,
                     GERARD E. LYNCH,
                              *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

              v.                                                            No. 14-2526

JASON VALE,
                              *Defendant-Appellant*,

CHRISTIAN BROS. CONTRACTING CORP.,
a corporation,
                              *Defendant*.*

------------------------------------------------------------------------

FOR APPELLEE:                    Emily Berger, Charles S. Kleinberg, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

* The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLANT:                    Jason Vale, pro se, Bellerose Manor, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 3, 2014 order of the district court is AFFIRMED.

Jason Vale, proceeding pro se, appeals the district court's order denying reconsideration of his request for an order declaring that his federal conviction for three counts of criminal contempt, see 18 U.S.C. § 401(3), does not constitute a felony conviction. We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

The law of the case doctrine "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings" in the same case. United States v. Williams, 475 F.3d 468, 471 (2d Cir. 2007). Pursuant to that doctrine, district courts may not alter an appellate ruling where the appellate court has already considered and rejected the basis for the relief sought. See DeWeerth v. Baldinger, 38 F.3d 1266, 1271 (2d Cir. 1994). Thus, a party may seek reconsideration in the district court of an order affirmed on appeal only if later events arise that were not previously considered by the appellate court. See id. at 1270. District courts, however, are also precluded from considering issues that could have been raised on a prior appeal, but were not. See United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002).

2

Here, we previously held that Vale's motion for a declaratory order regarding the nature of his criminal contempt conviction

> did not present a live case or controversy because (1) any challenge to his sentence was moot, as he had already completed his terms of imprisonment and supervised release; and (2) the hypothetical denial of voting or gun owning privileges was not ripe because it depended upon contingent future events that may not occur as anticipated, or indeed may not occur at all.

United States v. Vale, 566 F. App'x 56, 57 (2d Cir. 2014) (summary order) (internal citations omitted). We concluded that "[t]he district court correctly declined to issue an advisory opinion as to whether Vale's crime of conviction constituted a felony." Id.

Vale's subsequent reconsideration motion in the district court sought to fit within an exception to the law of the case doctrine by asserting a changed circumstance, that is, the Food and Drug Administration ("FDA") had classified his offense as a felony and, as a result, debarred him. See 21 U.S.C. § 335a(a)(2) (providing that FDA "shall debar" individual who FDA finds "has been convicted of a felony under Federal law"). Vale, however, acknowledges that the FDA notified him of its intent to debar him in 2008, and the record reflects that his debarment became effective in 2010. Thus, Vale could have raised the issue in his prior appeal but did not, and the district court therefore could not consider it. See United States v. Quintieri, 306 F.3d at 1225. Moreover, the district court was correct that it was not the proper forum to challenge the FDA decision. See 21 U.S.C. § 335a(j)(1) (providing that FDA decisions must be challenged in "the United States Court of Appeals for the District of Columbia or . . . the circuit in which the person resides, by

3

filing in such court (within 60 days . . .) a petition requesting that the decision be modified or set aside").

We have considered Vale's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court